ON REHEARING
Before McBRIDE, YARRUT, SAMUEL, TURNER and BARNETTE, JJ.
McBRIDE, Judge.
We granted a rehearing in this matter solely limited to the question whether the Department of Highways should be given an opportunity to offer proof as to who destroyed plaintiff’s fence after its removal. The matter has been reargued before us. In the original opinion handed down herein, it was pointed out that although the trial court had maintained defendants’ exception of no cause or right of action interposed against plaintiff’s claim ex delicto for the value of the fence, nevertheless, upon the trial of the case the court below ■ admitted evidence regarding the removal of the fence by the employees of T. L. James & Co., Inc., who were carrying on the road construction work for the Department under contract.
Plaintiff testified that the workmen were given orders by the project engineer “to take the fence down and relocate it,” but that he refused to permit' its replacement unless re-erected on the same line as it had been originally. The workmen would not so locate the fence as they had been in *176 structed to “put it inside the line.” What became of the fence materials after this controversy between plaintiff and the workmen is not shown. There is no evidence going- to show that the Department of Highways or any of the workmen “scattered around” the material and abandoned it. We think that in view of the previous sustaining of the exceptions, the Department came to court prepared only to try the merits of the case on the remaining issues, i, e., whether plaintiff was the owner of the one foot strip of ground and was entitled to an injunction to prevent the Highway Department from going thereupon, and that the Department was unprepared to meet the issue of a claim for the value of the fence.
LSA-C.C.P. art. 2164 authorizes us to render any judgment which is just, legal, and proper upon the record on appeal. This text is broad enough to permit the remanding of cases. See Comment (c) under said article.
In all fairness we believe that the Department of Highways should be given an opportunity, if it can, to show that it was not at fault for the -destruction of the materials after removal of the fence, and that a remand for such purpose is necessary so that the ends of justice may be met.
It is ordered, adjudged- and decreed that the judgment of the lower court insofar as it awards damages against Department of Highways in-the sum- of $643.75, together with legal interest thereon and for costs of the proceedings, as well as our original decree herein are now-set aside; the matter is remanded to the district court for further proceedings not inconsistent with the above views, and the trial court, is instructed to render such judgment as may be warranted by the evidence already contained in the record and such new evidence as the parties may see fit to introduce. Plaintiff-ap-pellee is cast for the costs of this court.
Set aside in part; remanded.
ON APPLICATION FOR REHEARING
Before McBRIDE, YARRUT, SAMUEL, HALL and BARNETTE, JJ-
PER CURIAM.
Counsel for Joseph O. Poirier, plaintiff-appellee, in an application for rehearing filed after the rendition of our opinion and decree on rehearing point out what we concede to be an error in our said decree. We did not mean to recall our original decree in toto but only insofar as it affirmed the judgment for $643.75 for the appropriation of plaintiff’s fence, because the rehearing was limited solely to the question as to whether or not the Highway Department should be given an opportunity to offer proof as to who destroyed the fence after its removal.
Rather than grant another rehearing in the matter, we believe we can correct our error by this per curiam.
Therefore, our decree on rehearing is revised so as to read and provide as follows:
. It is ordered, adjudged and decreed that the judgment of the lower court insofar as it awards damages against Department of Highways in the sum of $643.75, as well as our original decree herein insofar only as it affirmed said award, be and they are hereby set aside, and the matter is remanded to the district court for further proceedings not inconsistent with the above views; and the trial court is instructed to render such judgment on the claim for value of the fence and no further as may be warranted by the evidence already contained in the record and such new evidence as the parties may see fit to introduce. Plaintiff-appellee is cast for the costs of this court.
The application for rehearing is accordingly denied.
Decree on rehearing revised; rehearing denied.